76          CASES IN THE SUPREME COURT

Thornberry, et al. vs. Baxter, et al.          [December]

---

THORNBERRY, ET AL. VS. BAXTER, ET AL.

Where a debtor had conveyed his property to a trustee for the benefit of his creditors, giving a preference to certain of them, and a portion of the creditors file a bill in chancery to have the deed of trust declared fraudulent and void, all the creditors whose interests are sought to be affected by the decree are necessary parties. So, also, all purchasers, from the trustee, of trust property, unless, perhaps, it is clearly shown that the sales of the trustee would not be disturbed, and that the plaintiffs elect that the proceeds of the sales should go into the fund instead of the property sold.

*Appeal from Washington Circuit Court in Chancery.*

Hon. JOHN M. WILSON, Circuit Judge.

WATKINS, for the appellants.

Mr. Justice FAIRCHILD delivered the opinion of the court.

On the 21st of April, 1856, Martin W. Thornberry conveyed unto Walter T. Thornberry a large amount of lands, a number of negroes, a stock of merchandize, accounts and evidences of debt, and other personal property, in trust for the payment of all debts which he owed. The debts were divided into two classes, and

those of the first class were to be fully paid, and in the order in which they were specified in the deed, while those of the second class, comprising the residue of his indebtedness, were to be paid ratably as money could be procured for their payment from the property conveyed. The creditors included in the second class were named, but provision was made for any that might be omitted from specification, the expressed intent of the deed being, that all of the creditors of Martin W. Thornberry, except the preferred ones of the first class, should stand upon an equal footing. There were many provisions in the deed which need not be noticed, as the only question now to be considered is, whether the demurrer that was interposed to the bill filed in this case should have been sustained for want of proper parties.

The bill was brought by a large number of creditors of the second class, who had not accepted the provisions of the deed, against Martin W. Thornberry and his wife, the grantors, and against Walter T. Thornberry, the grantee in the deed, and did not attempt to bring before the court other creditors of the second class, or any of the numerous class of preferred creditors. The bill alleged that several of the pieces of land contained in the deed had been conveyed by the trustee to persons named, and that other property, as negroes, had also been sold to persons known to the plaintiffs. Without any recognition of the interests of other creditors, beneficiaries of the deed of trust, or of the claims that could be set up by the vendees and buyers of the trust property, the bill sought to have the deed set aside for being fraudulent and void. If the bill had clearly shown that the sales made by the trustee would not be disturbed, and that the plaintiffs elected that the proceeds of the sales should go into the fund instead of the property sold and conveyed, the plaintiffs might, perhaps, have been excused from making the purchasers of the property parties; but in no event could the preferred and omitted creditors have been passed by without having been brought into court for an opportunity to protect their interests.

The defendant, Walter T. Thornberry, raised these points in a

demurrer as objections to the bill, but it was overruled, and in default of answers, the circuit court of Washington county sitting in chancery, declared the deed to be fraudulent and void, and required Walter T. Thornberry to account for his dealings with the trust property, and turn over that remaining to a receiver appointed by the court.

The demurrer should have been sustained: the decree is reversed: the case is to be sent back with instructions to sustain the demurrer, with leave to the plaintiffs to amend their bill.